**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

NOV 23 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KFIR HIRSCH, FKA Cody Leavitt, | No. 20-15800 |
| Petitioner-Appellant, | D.C. No. 2:12-cv-00625-MMD-NJK |
| v. | |
| DWIGHT NEVEN, Warden; ATTORNEY GENERAL FOR THE STATE OF NEVADA, | MEMORANDUM[*] |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Submitted November 19, 2021[**]
San Francisco, California

Before: McKEOWN and GOULD, Circuit Judges, and MOLLOY,[***] District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

Kfir S. Hirsch appeals the district court's dismissal of his 28 U.S.C. § 2254 habeas petition challenging his conviction for battery with use of a deadly weapon resulting in substantial bodily harm. The parties are familiar with the facts so we do not repeat them here. We have jurisdiction under 28 U.S.C. § 2253 and we review the district court's denial of habeas relief de novo and its findings of fact for clear error. *Larsen v. Soto*, 742 F.3d 1083, 1091–92 (9th Cir. 2013).

Hirsch may overcome procedural default of his ineffective-assistance-of-trial-counsel claim if he demonstrates "actual innocence" by presenting the court with "new reliable evidence." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). To pass through the actual innocence "gateway," Hirsch must show that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Lee v. Lampert*, 653 F.3d 929, 937 (9th Cir. 2011) (en banc).

Hirsch has not met *Schlup*'s "exacting standard." *Id.* at 938. Hirsch first argues that the victim gave testimony at Hirsch's sentencing indicating that the victim, not Hirsch, was the aggressor and, therefore, Hirsch acted in self-defense. At best, however, there is conflicting evidence on this point. Hirsch further argues that an expert in human mechanics has opined that the victim's knife wounds are not consistent with the state's theory of the case. But, as recognized in the expert's three-page preliminary report, "the police incident report and other documents reviewed indicated considerable inconsistency and a lack of detail as to how the

2

incident occurred," the expert did not have access to materials that "could alter his observations," and his conclusions merely "suggest viable alternative explanations to conclusions expressed" by investigators. For these reasons, it is not more likely than not that *no* reasonable juror would have convicted Hirsch.[1] *See Johnson v. Knowles*, 541 F.3d 933, 937 (9th Cir. 2008) (The actual innocence gateway is "limited to those *extraordinary* cases where the petitioner asserts his innocence and establishes that the court cannot have confidence in the contrary finding of guilt.").

Hirsch likewise does not qualify for the exception to the procedural default bar announced in *Martinez v. Ryan*, 566 U.S. 1 (2012). The *Martinez* exception permits federal habeas courts to excuse procedural default of an ineffective-assistance-of-trial-counsel claim "when the claim was not properly presented in state court due to an attorney's errors in an initial-review collateral proceeding." *Martinez*, 566 U.S. at 5. Any ineffective assistance of Hirsch's counsel during initial-review collateral proceedings was not itself a procedural default and we express no view on the merits. *See Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017) (defining "procedurally defaulted claims" as "claims that the state court denied

---

[1] Whether the reviewing Court considers a gateway claim of actual innocence based on *Schlup* under a de novo or abuse of discretion standard "is not entirely settled in this circuit." *Stewart v. Cate*, 757 F.3d 929, 938 (9th Cir. 2014). Because Hirsch cannot overcome the district court's actual-innocence finding under either standard, we do not reach this issue. In addition, because Hirsch has not met the *Schlup* standard as to his battery charge, we need not consider whether Hirsch must demonstrate actual innocence of more serious charges in an unrelated criminal case that were foregone by the prosecution as part of his plea agreement.

based on an adequate and independent state procedural rule.").  Because Hirsch's ineffective-assistance-of-trial-counsel claim was not procedurally defaulted during initial-review collateral proceedings—it was procedurally defaulted during successive collateral proceedings—the *Martinez* exception does not apply to Hirsch.  *Martinez*, 566 U.S. at 10–11.

**AFFIRMED.**